UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID ZOKAITES, <br><br> Plaintiff, <br><br> vs. <br><br> SIOUX FALLS CITY GOVERNMENT, PAUL TENHAKEN, Mayor; DAVID BARRANCO, Councilor; SARAH COLE, Councilor; ALEX JENSEN, Councilor; RICH MERKOURIS, Councilor; GREG NEITZERT, Councilor; MARSHALL SELBERG, Councilor; CURT SOEHL, Councilor; PAT STARR, Councilor; DAVE PFEIFLE, City Attorney; RYAN SAGE, City Prosecutor; JON THUM, Police Chief; MIKE MILSTEAD, County Sheriff; MULTIPLE UNNAMED POLICE OFFICERS, MINNEHAHA COUNTY GOVERNMENT, JANET BREKKE, Former Councilor; RICK KILEY, Former Councilor; THERESA STEHLY, Former Councilor; and CHRISTINE ERICKSON, Former Councilor, <br><br> Defendants. | 4:26-CV-04098-CBK <br><br><br> ORDER AND JUDGMENT |

Plaintiff has filed a 251 page complaint dealing with an enormous lists of grievances against Sioux Falls, South Dakota, city officials, Minnehaha County and its sheriff, lawyers for the city, and many other city employees. The complaint is a gross violation of the Federal Rules of Civil Procedure. Rule 8 tells us that any pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." This complaint is everything but in compliance with the rules. Plaintiff seeks relief for others he claims were treated poorly by city officials although this is not a class action. He seeks relief from actions taken by state courts. A federal

court is not a supervisor of state courts. Nor is it an appellate court. I have no interest and no inclination to serve as a supervisor of city or county officials. Plaintiff cites no applicable basis for federal jurisdiction. The complaint is a mishmash of plaintiff's allegations of poor treatment over the years. Questions of comity and respect for local governments are present here. Numerous questions of immunity are present here. Questions of statutes of limitations and collateral estoppel are present as well.

Plaintiff asks this Court to repeal or revise city ordinances, vacate a state court conviction, "expunge" false arrests, issue a five year protection order against the police department, destroy "biometrics" allegedly taken from him, form a commission of some kind, and pay damages of 22.2 million dollars. This is all absolute nonsense.

Judges are not like pigs, hunting for truffles buried in briefs. See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Nor are judges to be hunting for truffles in complaints filed in federal court. No litigant is to be permitted to proceed in one action with not only the kitchen sink but every other appliance in the kitchen.

Plaintiff is not without remedies. The answer is the electoral process, not judicial meddling in the affairs of local government. In fact, plaintiff has availed himself of the electoral process by running for mayor in the past. The source of this knowledge is from a previous lawsuit filed by plaintiff against the City of Sioux Falls (See Doc. 47 in 19 cv-04183-KES.). Many of the issues in the present complaint deal with matters that are now res judicata or at least barred by collateral estoppel by reason of the summary judgment in that action.

This action should be dismissed without prejudice. The application to proceed without the prepayment of fees is denied as moot. The plaintiff should not be permitted to further abuse

2

the judicial process and harass in federal court the City of Sioux Falls, the county of Minnehaha and their public officials.  He has already done so twice.

NOW THEREFORE,

IT IS ORDERED AND ADJUDGED, as follows:

1) The complaint is dismissed without prejudice.

2) The application to proceed without the prepayment of fees is denied as moot.

3) The Clerk of the federal court shall not accept for filing, other than a notice of appeal here, any other complaints against the City of Sioux Falls or Minnehaha County, or both, without previous written authorization from this court.

DATED this 1st day of June, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3